TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00725-CR







Danny Riley, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,181, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws
2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The district court
assessed punishment, enhanced by two previous felony convictions, at imprisonment for twenty-five years.

 On the night of March 19, 1994, Temple police officer James Tobin and two fellow
officers were returning to their substation after responding to a call when they observed three men
standing beside a car stopped in the street. Tobin described what happened as follows:



We went around the corner, we seen the vehicle parked in the 500 block of South
Henderson stopped in the middle of the roadway. There was three black males
standing around it, one of them was up to the driver's window of the car and he
had his hand inside like this talking to the driver, which is a common thing that
drug dealers do when they make their drug buys.


. . .


Q. And you're saying from your training and experience that looked like what
kind of behavior to you?


A. Individual trying to make a drug sale.


. . .


Q. Okay. Could you see this individual that had his hands inside that car, could
you see if he accepted any money or if he got anything in return or did y'all
interrupt things in the process?


A. We interrupted things in the process the way it appeared because the car
quickly sped off as soon as we stopped behind it.



 The man who had his hands inside the car was later identified as Michael Manuel. 
When the police arrived, Manuel and one of his companions began to quickly walk away from the
scene. Manuel was chewing something, and the pursuing officer suspected that he was in the
process of swallowing crack cocaine hidden in his mouth. The two men were stopped but no
controlled substances were found on their persons. Manuel had over $400 in small denomination
bills in his pocket.

 The third man, identified as appellant, did not attempt to flee. As Tobin got out
of his police vehicle, he saw appellant reach into his pocket, withdraw a "tube, a cylinder object,"
and drop the object on the ground. The object proved to be a copper tube approximately four
inches long which Tobin described as a crack pipe. The pipe was later determined to contain
approximately .06 grams of cocaine residue.

 Appellant complains of the prosecutor's jury argument in his two points of error. 
Responding to defense counsel's argument drawing attention to the officers' inability to describe
the suspect car, the prosecutor said:



[W]hy weren't the cops paying attention to that car, the customers?


 Well, first of all they don't know that this was a drug, drug transaction. From
their experience they strongly suspected it was . . . . They don't know that for a
fact and they certainly couldn't get up here and tell you that they knew that. So,
but with their training and experience they're going to concentrate even, even if
they saw money and something change hands they're going to get the dealers,
they're going to get the dealers first.



Defense counsel objected that "there's no evidence in this case that my client is dealing cocaine"
and noted for the record that the prosecutor was pointing to appellant when he made the reference
to drug dealers. The court overruled the objection but admonished the jurors that "what the
lawyers say during their argument, either side, is not evidence in the case." Moments later, the
prosecutor said, "I don't know and we'll never know if he [appellant] just got through smoking
some crack in that, if he was coming to Manuel to get some more, if he was partners in selling
crack with Manuel, but the point is Tobin said I saw him reach in his pocket and throw that on
the ground."

 Appellant argues that the prosecutor's reference to him as a drug dealer was not
supported by the evidence and was an effort to secure his conviction on an improper basis. The
evidence, however, reasonably supports the inference that the officers interrupted a drug
transaction. Defense counsel having criticized the police for ignoring the customers in the car,
the prosecutor was entitled to respond by urging that the police properly concentrated on the
suspected dealers. In context, we believe that the prosecutor's remark was not outside the scope
of proper jury argument. 

 Further, we find that any error in the prosecutor's argument was harmless beyond
a reasonable doubt. Tex. R. App. P. 81(b)(2). The district court instructed the jurors that the
arguments of counsel are not evidence. While Manuel was the person who appeared to be
carrying out the negotiations, who was later seen suspiciously chewing, and who was in
possession of the large sum of money, appellant was with Manuel and it is reasonable to assume
that he was, at the least, aware of Manuel's activities. The prosecutor's subsequent remarks
emphasized that it was appellant's possession of the crack pipe, and not his reason for being with
Manuel on the night in question, that was the basis for the prosecution. Under the circumstances,
we believe that the prosecutor's remark did not contribute to the conviction.

 The two points of error are overruled and the judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish